IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CEPHEA VALVE TECHNOLOGIES, INC. EQUITYHOLDERS' REPRESENTATIVE, on behalf of the CEPHEA VALVE TECHNOLOGIES, INC. PARTICIPATING SHAREHOLDERS,<br><br>Plaintiff,<br><br>v.<br><br>ABBOTT LABORATORIES and ABBOTT VASCULAR, INC.,<br><br>Defendants. | C.A. No. 23-691-GBW-SRF<br><br>UNSEALED ON 6/17/2024 |

## MEMORANDUM ORDER

Plaintiff Cephea Valve Technologies, Inc. Equityholders' Representative ("Plaintiff") filed this action against Defendants Abbott Laboratories ("Abbott Labs") and Abbott Vascular, Inc. ("Abbott Vascular," collectively, "Defendants" or "Abbott"), asserting various contract and fraud-based causes of action. D.I. 2. Presently pending before the Court are (1) Defendants' motion to compel arbitration (D.I. 9); (2) Defendants' partial motion to dismiss the complaint for failure to state a claim (D.I. 12); (3) Defendants' motion to seal the complaint and other filings (D.I. 7); (4) Plaintiff's motion for leave to file a sur-reply to the motion to compel arbitration (D.I. 44); and (5) Plaintiff's motion for leave to file a sur-reply to the motion to dismiss (D.I. 45).

On March 18, 2024, Magistrate Judge Sherry R. Fallon submitted a Report and Recommendation ("the Report and Recommendation"), recommending that the Court GRANT the motion to compel arbitration and dismiss the case, DENY AS MOOT the partial motion to dismiss, GRANT-IN-PART the motion to seal, DENY the motion to file a sur-reply to the

motion to compel arbitration, and DENY AS MOOT the motion for leave to file a sur-reply to the motion to dismiss. D.I. 60 at 2. Plaintiff filed its objections to the Report and Recommendation on April 1, 2024. D.I. 71. Abbott filed its response to the objections on April 15, 2024. D.I. 74,

The Court has reviewed the Report and Recommendation, the objections and the responses thereto, and has considered the parties' briefing and supporting documents related to the Motions. For the reasons set forth below, the parties' objections to the Report and Recommendation are **OVERRULED,** and the recommendations in the Report and Recommendation are **ADOPTED**.

I. **STANDARD OF REVIEW**

The Court reviews dispositive motions *de novo* and non-dispositive motions for clear error. Fed. R. Civ. P. 72. Decisions on a motion to compel arbitration are non-dispositive and thus governed by Rule 72(a) and reviewed under the clear error standard. *Virgin Islands Water & Power Auth. v. Gen. Elec. Int'l*, 561 F. App'x 131, 133, 134 & n.1 (3d Cir. 2014). Judge Fallon's findings are styled as a Report and Recommendation that the Court would review *de novo*. *See* D.I. 60 at 1; Fed. R. Civ. P. 72(b). However, recommendations about non-dispositive motions are treated as Rule 72(a) decisions that the Court reviews under a clear error standard. *Patton v. Johnson*, 915 F.3d 827, 832-33 (1st Cir. 2019) (holding it necessary and curative for a district court to treat "the R&R as an order" when a Magistrate Judge improperly treated a motion to compel arbitration as dispositive rather than non-dispositive). Thus, the Court treats the Report and Recommendation as an order and reviews it under a deferential "clearly erroneous or [] contrary to law" standard. Fed. R. Civ. P. 72(a).

## II. ANALYSIS

Plaintiff makes five (5) objections to the Report and Recommendation: (1) that Judge Fallon erred by applying the Rule 12(b)(6) standard to the motion to compel arbitration rather than the Rule 56 Summary Judgment standard; (2) that Judge Fallon misinterpreted the contractual provisions compelling arbitration; (3) that Judge Fallon improperly ignored evidence of fraudulent inducement; (4) that Judge Fallon erred by not permitting Plaintiff a sur-reply brief, because Defendants allegedly included new evidence and arguments in their reply brief; and (5) that Judge Fallon erred by not permitting Plaintiff to amend its complaint.

### A. Judge Fallon's Application of the 12(b)(6) Standard Was Not Contrary to Law.

Plaintiff claims that Judge Fallon erred by applying the Rule 12(b)(6) dismissal standard rather than the Rule 56 Summary Judgment standard to Abbott's motion to compel arbitration. However, this argument was waived. Plaintiff never asked Judge Fallon to apply the Rule 56 standard, and argued that the evidence that could be "considered under a 12(b)(6) standard" weighed against Plaintiff's motion. D.I. 20 at 15; *TwinStrand Biosciences v. Guardant Health*, 2023 WL 1860186, at *6 n.5 (D. Del) (an argument not raised before the Magistrate Judge is waived).

Even if the argument had not been waived, when "it is apparent, based on the face of a complaint, and documents relied upon in the complaint, that certain of a party's claims are subject to an enforceable arbitration clause, a motion to compel arbitration should be considered under a Rule 12(b)(6) standard." *Silfee v. Automatic Data Processing*, 696 F. App'x 576, 578 (3d Cir. 2017). Only when factual disputes put the "agreement to arbitrate in issue" must the

3

Court apply the Rule 56 standard instead. *Id.* There were no such factual disputes here, so Judge Fallon correctly applied the Rule 12(b)(6) standard.

Plaintiff argues that various declarations (D.I. 22-24) created factual disputes. D.I. 71 at 4. However, Plaintiff told Judge Fallon to consider those declarations only if Judge Fallon "entertain[ed] documents that were not attached to the Complaint or referred to therein." D.I. 20 at 4 n. 3. The Report and Recommendation did "not rel[y] on Defendants' attachment" of the contested documents, so Judge Fallon had no reason to consult the declarations. D.I. 60 at 15. Accordingly, Judge Fallon properly resolved the motion to compel arbitration under the 12(b)(6) standard.

### B. Judge Fallon Did Not Clearly Err in Finding All Claims Arbitrable.

Plaintiff claims that Judge Fallon erred by not finding that § 6.7 of the Warrant allows Plaintiff to choose how to bring its fraud-based claims because § 6.7 provides that "nothing set forth in this Warrant will be deemed to . . . limit a Party's recourse in the event another Party . . . commit[s] fraud, intentional misrepresentation, or willful misconduct." D.I. 2, Ex. A at § 6.7; D.I. 71 at 4. Judge Fallon considered and rejected Plaintiff's argument on this point, finding that because "Article 6 of the Warrant governs indemnification," § 6.7 was merely carving out the remedy, not the forum for claims of fraud. D.I. 60 at 14. Judge Fallon further pointed to § 8.9, which carves out post-closing adjustments, tax matters, and third-party claims from the mandatory arbitration procedure it creates. *Id.* Thus, Judge Fallon found the parties knew how to carve out certain claims from the arbitration clause but chose not to do so for claims of fraud. *Id.* The Court agrees with Judge Fallon's analysis and interpretation of § 6.7: nothing in

4

requiring arbitration limits Plaintiff's "recourse." Plaintiff may still receive its due recourse, just not from this Court.

Plaintiff makes a one sentence argument that "fraud type claims do not arise under agreements and thus are excluded from § 8.9." D.I. 71 at 5. Plaintiff's claims rely on allegations that Defendants promised to pursue something they had no intent of doing, resulting in the loss of a payment to Plaintiff. D.I. 2 ¶¶ 281, 311, 324, 345. Judge Fallon did not clearly err in finding that these allegations "arise under" the contract setting out the obligations for each party. D.I. 60 at 13. Thus, the claims fit within the "strong presumption in favor of arbitrability." *Medtronic AVE Inc. v. Cordis Corp.*, 100 F. App'x 865, 868 (3d Cir. 2004) ("[A] clause providing for the arbitration of all matters 'arising from' an agreement overwhelmingly suggests that a given dispute is arbitrable.").

Plaintiff also claims that Judge Fallon rewrote the Warrants' definitions of "Parties," "Company Equityholders," and "Confidential Information," terms that Plaintiff argues were insolubly ambiguous. D.I. 71 at 9-10. Plaintiff provides no reason that Judge Fallon's extensive analysis of these terms, finding them unambiguous or irrelevant to arbitrability, constitutes clear error. D.I. 60 at 8-10. Accordingly, the Court finds that Judge Fallon did not clearly err in interpreting the contract. *See Lorillard Tobacco Co. v. Am. Legacy Found*, 903 A.2d 728, 739 (Del. 2006) ("Courts will not torture contractual terms to import ambiguity where ordinary meaning leaves no room for uncertainty.").

Plaintiff also contends that Judge Fallon cited a tolling agreement that later became moot. D.I. 71 at 5. This agreement is only relevant to the question of whether Plaintiff waived its objections to arbitrability, a decision Judge Fallon expressly did not reach. D.I. 60 at 15. Thus, Judge Fallon did not err in merely citing the existence of this tolling agreement and describing

5

Abbott's argument that this tolling agreement showed that Plaintiff waived its objections to arbitrating.

### C. Judge Fallon Did Not Clearly Err in Finding the Arbitration Clause Valid.

Plaintiff claims that Judge Fallon erred by not finding the arbitration clause to be invalid as unconscionable or induced by fraud. D.I. 71 at 8.

Plaintiff argues that Judge Fallon erred in not finding the arbitration clause to be substantively unconscionable because it prevented depositions, "real hearing[s]," briefing and discovery.[1] *Id.* at 8-9. However, Plaintiff ignores that "the law of unconscionability does not invalidate an arbitration term that imposes significantly pared-down procedures for arbitration." *Abbott Rapid Dx N. Am., LLC v. eMed, LLC*, 2022 WL 18027570, at *4 (N.D. Ill. Dec. 30, 2022). The terms of the arbitration agreement apply equally to both sides, and Judge Fallon did not err in discounting Plaintiff's conclusory allegations of the agreement being "lopsided." *Id.* at 8 n. 1; D.I. 60 at 10; *Robinson v. Gen. Motors LLC*, C.A. No. 20-663-RGA-SRF, 2021 WL 3036353, at *18 (D. Del. July 19, 2021).

Plaintiff also claims that Judge Fallon was incorrect in finding that the contract was not fraudulently induced, because "[t]he R&R focused on just a few of the alleged oral and written misrepresentations." D.I. 71 at 8. The factual allegations that Plaintiff claims Judge Fallon ignored, however, occurred after the supposed fraudulent inducement of the Warrant. *See id.* at 8 n. 6 (setting out "untimely and early termination of the Warrant," "withholding of Update Reports," and "intimidation of witnesses and counsel"). Plaintiff contends that § 8.9 was part of a "fraudulent scheme," but a party may not "avoid arbitration by attacking the contract

---

[1] Section 8.9 does permit "regular and rebuttal testimony."

containing the arbitration clause as a whole .... Rather, the party opposing arbitration must challenge 'the arbitration clause itself.'" *MZM Constr. v. N.J. Bldg. Laborers Statewide Ben. Funds*, 974 F.3d 386, 397 (3d Cir. 2020) (quoting *Prima Paint v. Flood & Conklin Mfg.*, 388 U.S. 395, 403 (1967)). Thus, Judge Fallon did not clearly err in deciding that Plaintiff's generalized allegations of later-occurring fraud are insufficient to demonstrate that the arbitration clause was fraudulently induced.

### D. Judge Fallon Correctly Denied Leave to File a Sur-Reply.

Plaintiff contends that Judge Fallon erred by refusing Plaintiff leave to file a sur-reply to address Abbott's arguments about § 6.7, on the theory that Abbott should have mentioned its theories on § 6.7 in its motion to compel. D.I. 71 at 6. Judge Fallon reviewed the sur-reply and found it would not alter her analysis. D.I. 60 at 18 n. 10. Thus, any error was harmless. Moreover, Abbott's alleged new argument was a responsive argument to Plaintiff's theory, disclosed for the first time in the response brief, about the impact of § 6.7 on arbitrability. Thus, the arguments in Abbott's reply brief were not new and did not justify an additional sur-reply brief. While Plaintiff was not required to plead all of its theories on how to avoid arbitrability, it was not entitled to receive additional briefing for new arguments it later raises. In any event, the Court has also reviewed Plaintiff's sur-reply brief, and finds it unpersuasive.

### E. Judge Fallon Correctly Denied Leave to Amend.

Plaintiff argues that Judge Fallon erred in refusing Plaintiff leave to amend. D.I. 71 at 7. Judge Fallon's decision was based on (1) Plaintiff's failure to identify which grounds it sought to amend and (2) the finding that any amendment would be futile. In its objections, Plaintiff

7

highlights one specifically[2] proposed amendment: amending Count III (breach of conduct) to allege only "willful misconduct." D.I. 20 at 9-10 n. 7. This amendment would be irrelevant to the question of arbitrability. Thus, Judge Fallon did not err in denying leave to amend on this ground. Separately, Judge Fallon found that amendment would be futile since the parties validly agreed to arbitrate. D.I. 71 at 16. Judge Fallon did not err in finding futility—the parties agreed to a mandatory arbitration clause, and Plaintiff has identified no amendment that would permit it to overcome said clause. *See Esis, Inc. v. Coventry Health Care Workers Compensation, Inc.*, 2016 WL 928667, at *8 (E.D. Pa. Mar. 9, 2016) (dismissing complaint with prejudice where "any future amendment would be futile in light of the . . . mandatory arbitration provision.").

WHEREFORE, at Wilmington this 19th day of April, 2024, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Objections (D.I. 71) to the Magistrate Judge's Report and Recommendation (D.I. 60) are **OVERRULED**.

2. The Magistrate Judge's Report and Recommendation (D.I. 60) is **ADOPTED**.

3. Defendants' motion to compel arbitration (D.I. 9) is **GRANTED.**

4. Plaintiff's motion to file a sur-reply in connection with the motion to compel arbitration (D.I. 44) is **DENIED**.

5. Defendants' motion to seal the complaint and D.I. 10, D.I. 11, and D.I. 13 is **GRANTED-IN-PART**. The Court will accept the proposed redactions filed at D.I. 65, D.I. 66, and D.I. 67.

---

[2] As well as a "bare request in an opposition to a motion to dismiss—without any indication of the particular grounds on which amendment is sought." *Zizic v. Q2Administrators*, 728 F.3d 228, 243 (3d Cir. 2013); *see* D.I. 71 at 7 (citing D.I. 25 at 20).

6. Defendants' partial motion to dismiss the complaint for failure to state a claim (D.I. 12) and the associated motion for leave to file a sur-reply (D.I. 45) are **DENIED-AS-MOOT**.

7. If the parties believe that certain material in this opinion should be redacted, the parties shall jointly submit a proposed redacted version of this opinion by no later than April 26, 2024, along with a motion supported by declaration.

                                                GREGORY B. WILLIAMS
                                                UNITED STATES DISTRICT JUDGE